Filed 7/29/24  P. v. Stewart CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B330762 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A037377) |
| v. | |
| DENNIS LEONARD STEWART, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge. Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION[1]

In 1989, following trial, a jury convicted defendant Dennis Leonard Stewart of special circumstances murder (Pen. Code,[2] §§ 187, subd. (a), 190.2, subd. (a)(17)), premeditated attempted murder (§§ 187, subd. (a), 664), and residential robbery (§ 211). The trial court sentenced him to life without the possibility of parole (LWOP). After a direct appeal, we affirmed his conviction and sentence. (*People v. Brookins et al.* (Jan. 26, 1994, B056728) [nonpub. opn.].)

In 2022, Stewart filed a motion requesting a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 to preserve evidence in anticipation of a future youthful offender[3] parole hearing under section 3051. Stewart asserted he was 24 years old at the time of his offenses. The court denied the motion, finding Stewart ineligible for such a hearing due to his LWOP sentence.

Stewart now appeals, contending the court erroneously denied his *Franklin* motion because section 3051 violates two constitutional principles: the guarantee of equal protection, and the prohibition against cruel and/or unusual punishment.

Stewart's equal protection argument has two facets. The first is that section 3051 denies equal protection because there is

---

[1] See California Standards of Judicial Administration section 8.1(1).

[2] All unspecified statutory references are to the Penal Code.

[3] We refer to those over 18 years of age but younger than 26 at the time of their offense conduct as youthful offenders, and to those under 18 years of age at the time of their offense conduct as juveniles.

no rational basis to deny a youthful offender with an LWOP sentence a parole hearing when other youthful offenders receive one. Our Supreme Court's decision in *People v. Hardin* (2024) 15 Cal.5th 834, which was issued while Stewart's appeal was pending, forecloses this contention. *Hardin* held that "section 3051's exclusion of young adult offenders sentenced to [LWOP] is [not] constitutionally invalid under a rational basis standard, either on its face or as applied to . . . individuals who are serving [LWOP] sentences for special circumstance murder." (*Id.* at p. 839.)

Stewart's second equal protection argument is that section 3051 lacks a rational basis for distinguishing between juveniles sentenced to LWOP, who are eligible for a parole hearing (§ 3051, subd. (b)(4)), and youthful offenders sentenced to LWOP, who are not eligible for such a hearing (*id.*, subd. (h)). Stewart identifies no court that had agreed with this claim. Instead, the courts to consider this argument have rejected it, and we agree with their analysis. (E.g., *People v. Sands* (2021) 70 Cal.App.5th 193, 202-205; *In re Murray* (2021) 68 Cal.App.5th 456, 463-465; *People v. Morales* (2021) 67 Cal.App.5th 326, 345-349; cf. also *In re Jones* (2019) 42 Cal.App.5th 477, 481 ["LWOP offenders who were between the ages of 18 and 25 when they committed their offenses are adult offenders [and] they are not similarly situated to juvenile offenders"].)

Stewart lastly claims that section 3051's extension of youthful offender parole hearings to most but not all youthful offenders renders his LWOP sentence cruel or unusual. Prior courts have uniformly rejected the argument that LWOP sentences imposed on adults between the ages of 18 and 25 violate the protections afforded by the United States and

3

California constitutions against cruel and/or unusual punishment. (E.g., *People v. Acosta* (2021) 60 Cal.App.5th 769, 781-782; *People v. Windfield* (2021) 59 Cal.App.5th 496, 525-527; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1030-1032; *People v. Abundio* (2013) 221 Cal.App.4th 1211, 1220-1221.)

Stewart notes that other than *Abundio*, which was decided before section 3051 was enacted, these cases addressed only the Eighth Amendment, which prohibits cruel *and* unusual punishment, and not the parallel provision in article I, section 17 of the California Constitution, which prohibits cruel *or* unusual punishment. He fails to provide any cogent argument, however, why this distinction makes any difference. Both the federal and state constitutional prohibitions on cruel and/or unusual punishment typically run in tandem. (See *People v. Marshall* (1990) 50 Cal.3d 907, 938 [the California Constitution " 'separately and independently lays down the same prohibition' " as the Eighth Amendment].) Our Supreme Court recently reaffirmed that it does not violate either federal or state constitutional prohibitions on cruel and/or unusual punishment to sentence youthful offenders who commit a special circumstance murder to the death penalty (*People v. Tran* (2022) 13 Cal.5th 1169, 1234-1235), such that the lesser sentence of LWOP for special circumstances murder is necessarily constitutional.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED



WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.